O’Neall, J.
delivered the opinion of the Court.
The proof in this case was, that the husband of the demand-ant conveyed to Maxwell, and that the defendant was in possession under a bond for titles from Maxwell. This shewing was prima facie sufficient to establish the seizin of the husband. The legal presumption is, when one takes a conveyance of land from another, that he knows the grantor is legally seized of it. It may *320 however be shown, that he was a mere trustee, and conveyed to execute }jís trust, and his seizin thus proved to be such, that his w*fe could not be endowed of the land; or if it should appear from the deed itself, that it was a mere quit claim, it would be no evidence of seizin. After it was shown, that the husband conveyed to Maxwell, and that the defendant was in under that title, whether by his own admissions, or by Maxwell’s bond for titles, the same presumption of seizin in the husband would arise against him, which would arise against Maxwell himself.
Act of 1786, P. h. 408.
Fair, for the motion.
Pope, contra.
The summons in dower may be issued against any one in possession of the land; and in this case whether the title was in 01. tjle defendant, was perfectly immaterial. The only question is, was the demandant’s husband legally seized of the land 1 If he was, she was intitled to the writ of admeasurement of dower, against the terretenánt, as well as the tenant in fee. The motion to set aside the nonsuit is therefore granted.